### JOHN MAYHEW *vs.* MARTHA ANN SOPER.—*June,* 1839.

Appeals from orders and decrees of the orphans courts must be taken within thirty days, as provided by the 1st section of the act of 1818, ch. 204.

A bill of exceptions cannot be taken to the judgments and decrees of the orphans courts, the statute of Westminster only applying to courts of common law.

The approval of a testamentary or administration bond, may be evidenced by an endorsement to that effect upon the bond, and need not be, by an entry upon the minutes of the court; such being shewn to be the usage.

APPEAL from the Orphans Court of *Prince George's* county.

Upon the 18th December 1838, *Richard H. Marshall* filed his petition in said court, alleging that he was guardian of *Martha Ann Soper*, one of the representatives of *Mary Ann Soper;* that letters of administration had been granted on the estate of the latter to one *John Mayhew*, who had given wholly insufficient security for the administration of the estate committed to his care: and that the petitioner as guardian, had not known before who were the securities of the said *John Mayhew*, or he should have objected sooner to their sufficiency. *Prayer*, that the said *Mayhew* may be required to give additional security, and in the interim be restrained from selling or disposing of the property belonging to the estate aforesaid, &c.

Upon this petition the Orphans Court ordered that, the said *John Mayhew* give additional security on or before the second Tuesday of January 1839, or shew cause to the contrary, and that in the mean time he shall dispose of no property, &c. In January the time was enlarged to the second Tuesday in February, and the court ordered "that the said *John Mayhew*, administrator as aforesaid, give additional security to be approved by this court, on or before the second Tuesday in February next, and in default thereof, that his administration be revoked."

On the 19th February 1839, the said *Martha Ann Soper* filed her petition in said court, referring to the proceedings aforesaid, and then alleged, "that the said *Mayhew* failed to give additional security within the time limited by said order, and of course the said letters are now revoked by the operation thereof; and that she is now of full age to administer on the estate of her said mother, and *prays* that administration may be granted to her.

This petition was set down for hearing on the second Tuesday of March, both parties being present in court, and on the 19th March 1839, it was ordered by the court, that letters of administration on the estate of *Mary Ann Soper* be committed and granted to the petitioner *Martha*, on her giving bond as usual, &c.

The said *John Mayhew* thereupon tendered the following bill of exceptions:

At the trial of this cause the defendant, *John Mayhew*, for the purpose of shewing that he had complied with the order of the late Orphans Court (who had been succeeded by the present court, and had tendered a bond with sufficient security in compliance with said order passed on the 8th day of January 1839,) and that the same had been approved by the late court, offered in evidence the bond executed by himself and two securities, which was endorsed by the register "approved," on the 13th February 1839, and which had been placed on the records of the Orphans Court. On the back of said bond was thus endorsed, to wit: 1839, *Mary Ann Soper*, her additional bond of security, exhibited 13th February; approved; recorded in Liber P. C. No. 1, page 201. He then proved by the register that, on the twelfth of February 1839, the said petition of *M. Soper* requiring additional security was taken up for consideration by the said late court; that the said *John Mayhew* stated to the court that, one of his securities, *Thomas W. Ball*, had not attended for the purpose of executing the said bond, as he promised on that day, that he was living with *Thomas Clagett* in the capacity of an overseer, and he presumed he was prevented from attending in consequence of being called to perform some duty to his employer; he therefore prayed the court to adjourn until the evening of the same day, by which time he hoped the said security would arrive; that the court upon this application took a recess until about 3 or 4 o'clock in the evening, and met at the attorney's office of C. C. Magruder in *Upper Marlborough*, convenient to the court house in the same village where the court holds its session; that at this setting, the said *John Mayhew* presented the said bond executed by one of his securities, and prayed the court to pass an order approving the said bond, when the same should be executed by the said *Thomas W. Ball*, and to direct the register to receive the said bond as approved, and file the same when executed by the said *T. W. Ball;* that the court upon this application heard and examined the evidence offered,

by the said *John Mayhew*, as to the sufficiency of the said securities, that is, the said *William Mayhew* who had executed the bond as one of the securities, and the said *Thomas W. Ball*, and that they having determined the said persons to be good and sufficient sureties, then determined to approve the bond when executed by the said *Thomas W. Ball;* and directed the register to enter the bond approved, and file the same in the office of the register, if the same should be presented to him executed by the said *T. W. Ball* within two or three days. That early in the next day, the 13th of February, the said bond was presented to him by the said *Mayhew*, executed by the said *Thomas W. Ball*, and he, in accordance with the court's order, endorsed the same approved, and filed it in the office; the said witness then proved that, he had not made an entry on the rough docket of the court of this order and proceeding of the said court in relation to the said bond, though he was requested to do so several times by the counsel of the said *Mayhew*, because it had not been the practice and usage of the register to enter in detail such proceedings on the docket, and he therefore declined to make an entry of this proceeding. That according to the practice and usage of the court and the office, no other entry of the approval of an administration or guardian bond is made, than an endorsement of its approval on the bond, which had been done in this case, the bond in question having been endorsed "approved," by the register according to the said practice and usage.

The said witness then proved that, it had been the practice and usage of the court, to approve administration and guardian bonds, in advance of their execution by the securities, as when the party applying for letters of administration would name his securities, the court had frequently directed the register to receive the bond as approved by the court, and file the same in the office when executed by the named securities, together with principal, which in many cases had been done. To this proof the court objected, and determined it to be inadmissible for the purpose of proving that, the late court had approved the said bond; because said approval was not enter-

ed on the docket of the court's proceedings, and that in the ab-- sence of the said entry on the docket, the order of approval could not be proved by parol evidence, and adjudged that, let-- ters of administration on the estate of the said *Mary Ann So--* *per* be committed and granted to the petitioner *Martha Ann* *Soper*, on her giving bond in the usual form in the penalty of two thousand dollars, conditioned for the faithful discharge of her duties as administratrix aforesaid; upon the ground that, the order of this court of the 8th of January last, peremptorily requiring the said *John Mayhew* to give additional security, as the administrator of the said *Mary Ann Soper*, became abso-- lute on the twelfth day of February inst., no security being given according to the terms of said order on or before that day, and that the petitioner, as the daughter of the said de-- ceased, being now eighteen years of age, is entitled to the ad- ministration on her estate. The court also adjudged and de- termined on the aforegoing proof, that the proceeding of the late court and its act of approval, was irregular and void, be- cause they held their meeting not in the usual place of holding their sessions, but in a different place, to wit, the office of C. C. Magruder.

And the said *John Mayhew* by his counsel upon the proofs aforesaid, further prayed the court to permit and direct the register then to make an entry on his docket, of the court's said proceeding, and approval of the bond to supply the omission on the docket; that the docket entries when so made might be offered in evidence of the said proceeding and approval of the bond. This prayer the court also overruled, and refused to permit the entries then to be made; being of the opinion that, it was then too late to make said entries, and the same would be irregular. The appellant excepted.

The cause was argued before BUCHANAN, C. J., STEPHEN, ARCHER, DORSEY, CHAMBERS, and SPENCE, J.

C. C. MAGRUDER for the appellant contended—
1st. That the proceedings of the orphans court in relation

to the petition of the appellee's guardian on the 12th of February, and their approval of the appellant's bond which was filed on the 13th of February, was regular and legal; and if not regular and legal, the appellee should have taken an appeal from the court's decision thereon.

2nd. That the late orphans court had no jurisdiction over the proceedings of their predecessors, in regard to the approval of the bond and sureties in question, and could not review and revoke the same.

3rd. That the court erred in granting letters of administration to the appellee.

4th. That the former court's approval of the bond, was in accordance with the practice of the court, and that the omission of the register to make a docket entry of the court's order in regard thereto, did not invalidate the same—the filing and endorsing the bond "approved" was sufficient evidence of its approval.

5th. That the late court erred, in refusing to permit the register to make a docket entry of the former court's proceeding and approval of the bond, upon the prayer of the appellant.

J. JOHNSON for the appellee contended—

1. That the order approving the bond offered by the appellant, should have been entered upon the docket or minutes of the court, and cannot be proved by parol.

2. That the order of the 8th January 1839 being peremptory, the letters of administration theretofore granted to the appellant, were revoked upon his failing to give additional security on or before the time limited for that purpose by said order.

3. That all the proceedings of the court which took place at the office of the attorney of the appellant were irregular and void.

4. That the manner in which the case is brought before this court is irregular, being by exception to the judgment of the orphans court.

5. That the original grant of letters to the appellant, was

only during the minority of the appellee, and ceased to be operative when she attained the age of eighteen years.

6. That the appeal was taken after the time allowed by law, and should be dismissed.   *Act of* 1818, *ch.* 204, *sec.* 1.

SPENCE, Judge, delivered the opinion of the court.

In this case it is a subject of regret with the court, that they cannot decide the controversy upon its merits.

This appeal not having been made within thirty days, as provided by the act of 1818, ch. 204, sec. 1, must be dismissed.

The court cannot consider the bill of exceptions taken and signed, as such, in that character.   Orphans courts are not courts of common law jurisdiction, and not within the provisions of the *Statute of Westminster*, and therefore, in controversies before them, parties are not allowed their bills of exceptions.

In as much, however, as this cause has been fully argued, and with the view to terminate this controversy, we are induced to express the opinion that, from what appears in what purports to be the bill of exceptions, namely, the bond of the 12th February 1837, with the acceptance and approval of the court endorsed thereon in the usual form, it is manifest that the order of the orphans court of the 8th of February 1839 never did become final and absolute; that the letters of administration granted to *John Mayhew* never were revoked by the court; that the same are still in full force and operation in law; and that the order of the court of the 19th March 1839, granting letters of administration to *Martha Ann Soper*, was erroneous, and the letters inoperative and void.

APPEAL DISMISSED.